OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated, by and between counsel for the respective parties hereto, subject to the approval of the court:

1) That the merchandise marked "A" on the invoices and initialed TLW by Customs Examiner T. L. Walton, involved in the appeals listed in the attached schedule, consists of merchandise exported from France, and appraised at values which included the so-called production or unique tax (also known as the French Fiscal Reform Law tax) in the amounts as shown by the invoices and accompanying certificates of pending reappraisement.

2) That merchandise such or similar to the imported merchandise, marked "A" in paragraph I, when sold or offered for sale at the time of exportation, in France for home consumption, or for exportation to countries other than the United States, in the ordinary course of trade to all purchasers, and in the usual wholesale quantities, was sold or offered for sale at the appraised values herein, less the French Fiscal Reform Tax (Production or Unique tax) as referred to above in paragraph 1 and as added by the importer on entry, plus 1.01 percent Armament tax when not included in the appraised value, packed, and that the export value was no higher.

3) That all other claims of the plaintiffs, as raised by these appeals, are hereby abandoned, and that upon this stipulation these cases are submitted.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, or as amended by section 8 of the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked "A" and initialed TLW by Customs Examiner T. L. Walton, and that such values were the appraised values, less the French fiscal reform tax (production or unique tax) as added by the importers on entry, plus 1.01 per centum armament tax when not included in the appraised value, packed.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.

(Reap. Dec. 8153)

MAILLIARD & SCHMIEDELL ET AL. *v.* UNITED STATES

Entry No. 101, etc.

(Decided July 25, 1952)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Charles J. Wagner*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated, by and between counsel for the respective parties hereto, subject to the approval of the court:

1) That the merchandise marked "A" on the invoices and initialed TLW by Customs Examiner T. L. Walton, involved in the appeals listed in the attached schedule, consists of merchandise exported from France, and appraised at values which included the so-called production or unique tax (also known as the French Fiscal Reform Law tax) in the amounts as shown by the invoices and accompanying certificates of pending reappraisement.

2) That merchandise such or similar to the imported merchandise, marked "A" in paragraph I, when sold or offered for sale at the time of exportation, in France for home consumption, or for exportation to countries other than the United States, in the ordinary course of trade to all purchasers, and in the usual wholesale quantities, was sold or offered for sale at the appraised values herein, less the French Fiscal Reform Tax (Production or Unique tax) as referred to above in paragraph 1 and as added by the importer on entry, plus 1.01 percent Armament tax when not included in the appraised value, packed, and that the export value was no higher.

3) That all other claims of the plaintiffs, as raised by these appeals, are hereby abandoned, and that upon this stipulation these cases are submitted.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, or as amended by section 8 of the Customs Administrative Act of 1938, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked "A" and initialed TLW by Customs Examiner T. L. Walton, and that such values were the appraised values, less the French fiscal reform tax (production or unique tax) as added by the importers on entry, plus 1.01 per centum armament tax when not included in the appraised value, packed.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.